**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-14071-LIEBOWITZ/MAYNARD**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**CHRISTOPHER BURDETT,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on February 4, 2026.

2.    At the hearing's outset, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised the Defendant that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on

the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 23. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant indicated to me that he fully understands the Plea Agreement.

5. The Defendant pleaded guilty to Count One of the Information. Count One charges the Defendant with conspiracy to commit criminal offenses in violation of Title 18, United States Code, Section 371. DE 1 at 3. Specifically, Count One charges the Defendant with conspiracy to (a) make and present claims for the Biodiesel Mixture Credit upon and against the United States and the IRS, knowing such claims to be false, fictitious, and fraudulent, in violation of Title 18, United States Code, Section 287; and (b) transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343. *Id.* at 4.

6. The maximum statutory penalties were announced on the record. The Defendant acknowledged his understanding of the maximum statutory penalties that could be imposed against him in this case.

7. The parties agree in the Plea Agreement to make certain recommendations to the District Court regarding the sentence to be imposed in this case. I explained to the Defendant that,

although the parties may agree to make these recommendations, they are not binding on the Probation Office or the District Court, and the Defendant may not withdraw his plea based on the District Court's decision not to accept these or any other sentencing recommendations.

8. The Plea Agreement contains a provision regarding restitution, which was reviewed with the Defendant. The Defendant agrees to make restitution in the amount of $2,857,029.00 to ACT Fuels Inc., such amount to be joint and several with co-conspirator Royce Gillham in case number 24-14046-CR-KMM, in addition to any other restitution ordered by the Court.

9. The Plea Agreement contains an appeal waiver in which the Defendant waives his right to appeal the sentence imposed except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to the Defendant. The Defendant acknowledged that he understands the appeal waiver, discussed it with his counsel, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal. As a result, I recommend to the District Court that the Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

10. The Plea Agreement contains a provision regarding forfeiture. The Defendant agrees to forfeit to the United States any right, title, and interest to any property constituting or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offense to which he pled guilty, and any substitute property.

11. The parties submitted a written Acknowledgment of Offense Elements and Stipulation as to and Factual Basis for Guilty Plea, ("Stipulation") which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. DE 24. The essential elements of the offense charged were read into the record. The Defendant acknowledged that he signed the

Stipulation, understands it, and has had an opportunity to fully discuss it with his attorney. The Defendant agreed that the Stipulation is true and correct and accurately sets forth the facts in his case as he understands them to be. Counsel agreed that the Stipulation need not be read into the record since the original has been signed by all parties, including the Defendant, and will be filed with the Court. I find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

12. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Count One of the Information.

13. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's plea of guilty to Count One of the Information be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; that a Sentencing Hearing be conducted for final disposition of this case; and that Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable David S. Leibowitz, the United States District Judge assigned to this case. Pursuant to Rule 59(b)(2), Fed. R. Crim. P., failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 24th day of February, 2026.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE